# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| **LARRY J. BAILEY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CAUSE NO. 1:11-CV-00224** |
| ) | |
| **CAROLYN W. COLVIN,**[1] ) | |
| **Acting Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |

## OPINION AND ORDER

Plaintiff Larry Bailey brought this suit to contest a denial of disability benefits by Defendant Commissioner of Social Security ("Commissioner"). (Docket # 1.) On March 26, 2012, pursuant to a stipulation by the parties (Docket # 22), this Court entered an order that reversed the Commissioner's denial of benefits and remanded the case to the Commissioner for further proceedings (Docket # 23).

Bailey's attorney, Joseph Shull, now moves pursuant to 42 U.S.C. § 406(b) for the Court's authorization of attorney fees in the amount of $12,829.00 for his representation of Bailey in federal court. (Docket # 29.) For the reasons set forth herein, Shull's motion for authorization of attorney fees will be GRANTED.

### *A. Relevant Factual and Procedural Background*

On June 21, 2011, Shull and Bailey entered into a contingent-fee agreement for Shull's

---

[1] Although Plaintiff brought this suit against Michael J. Astrue, the former Commissioner of Social Security, Carolyn W. Colvin became the Acting Commissioner on February 14, 2013. As such, under Federal Rule of Civil Procedure 25(d), Colvin is automatically substituted as a party in place of Astrue. Fed. R. Civ. P. 25(d).

representation of Bailey in federal court.[2] (Mem. in Supp. of Pl.'s Attorney's Mot. for an Award of Att'y Fees Under 42 U.S.C. § 406(b) ("Pl.'s Supp. Mem.") Ex. B.) Under the agreement, Bailey agreed that Shull would "charge and receive as his fee an amount equal to twenty-five percent (25%) of the past-due benefits which are awarded to [his] family and [him] in the event [his] case is won." (Pl.'s Supp. Mem. Ex. B.)

On March 26, 2012, after a stipulation by the parties (Docket # 22), Bailey received a favorable judgment from this Court, and his case was remanded to the Commissioner for further proceedings (Docket # 23, 24). Shull then filed for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, seeking payment for the 18.3 hours he spent advocating Bailey's claim in federal court. (Docket # 25-27.) The Court awarded Shull $3,330.60 in EAJA fees. (Docket # 28.) Shull also requested $6,000 in attorney fees from the Social Security Administration pursuant to 42 U.S.C. § 406(a) for his representation of Bailey at the administrative level, but that request is still pending before the Commissioner. (Pl.'s Mem. in Supp. 2.)

The Commissioner ultimately awarded disability benefits to Bailey, causing him to receive $75,316.00 in back benefits. (Pl.'s Supp. Mem. Ex. A.) On February 12, 2014, Shull filed the instant motion, seeking the Court's authorization of a payment of $12,829.00 in attorney fees from Bailey to Shull pursuant to the contingent-fee agreement. (Docket # 29-30.) The Commissioner filed a response on February 24, 2014, indicating that she has no objection to Bailey's motion for fees under § 406(b). (Docket # 31.)

---

[2] The most common fee arrangement between attorneys and social security claimants is the contingent-fee agreement. *Gisbrecht v. Barnhart*, 535 U.S. 789, 800 (2002).

*B. Legal Standard*

Fees for representing social security claimants, both administratively and in federal court, are governed by 42 U.S.C. § 406. *Gisbrecht*, 535 U.S. at 793, 795-96. Section 406(a) controls fees for representation in administrative proceedings and § 406(b) controls attorney fees for representation in court. *Id*. at 796. Unlike fees obtained under the EAJA,[3] the fees awarded under § 406 are charged against the claimant, not the government. *Id*.

Under § 406(a), an attorney who has represented a claimant may file a fee petition or fee agreement with the Commissioner to receive fees for his representation at the administrative level. 42 U.S.C. § 406(a); 20 C.F.R. § 404.1725(b); *Gisbrecht*, 535 U.S. at 794-95. There are, however, limits on the amount that the Commissioner can award pursuant to § 406(a). *Gisbrecht*, 535 U.S. at 794-95.

In addition to the fee award available pursuant to § 406(a), under § 406(b) an attorney who has successfully represented a claimant in federal court may receive "a reasonable fee for such representation, not in excess of 25 percent of the total past-due benefits to which the claimant is entitled by reason of such judgment . . . ."[4] 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 795. The combination of fees awarded under § 406(a) and § 406(b), however, can never exceed 25% of the past-due benefits awarded to the claimant. *Kopulos v. Barnhart*, 318 F. Supp. 2d 657, 661 (N.D. Ill. 2004); *Bartrom v. Barnhart*, No. 1:99-CV-44, 2003 WL 21919181, at *2-3 (N.D. Ind. Feb. 26, 2003). Moreover, § 406(b) has been harmonized with the EAJA; although

---

[3] The EAJA is a fee-shifting statute wherein the government pays attorney fees to a prevailing party when its position was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A).

[4] "Collecting or even demanding from the client anything more than the authorized allocation of past-due benefits is a criminal offense." *Gisbrecht*, 535 U.S. at 796 (citing 42 U.S.C. §§ 406(a)(5), (b)(2); 20 C.F.R. §§ 404.1740-1799).

fee awards may be made under both the EAJA and § 406(b), a claimant's attorney must refund to the claimant the amount of the smaller fee. *Gisbrecht*, 535 U.S. at 796 (explaining that "an EAJA award offsets an award under Section 406(b)").

Unlike the award by the Commissioner under § 406(a), the court is required under § 406(b) to review for reasonableness the attorney fees yielded by contingent fee agreements. *Id.* at 809. The Supreme Court has explained:

> Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order.

*Id*. at 807-08 (citations and footnote omitted).

### C. Discussion

Here, Shull requests that the Court authorize under § 406(b) the payment of attorney fees in the amount of $12,829.00 pursuant to his contingent fee agreement for representation of Bailey in federal court. Thus, the Court is charged with determining whether Shull's requested fee under the contingent fee agreement is "a reasonable fee for such representation, not in excess of 25 percent of [Bailey's] total past-due benefits . . . ." 42 U.S.C. § 406(b)(1)(A).

In calculating the requested fee, Shull starts with $12,829.00, an amount substantially less than 25% of the $75,316.00 in past benefits awarded to Bailey. Thus, Shull has already voluntarily discounted the fee Bailey agreed to pay under the terms of the contingent fee

4

agreement from 25% to 17%. *See Crawford v. Astrue*, 586 F.3d 1142, 1151-52 (9th Cir. 2009) (considering when awarding fees under § 406(b) that counsel had voluntarily reduced the requested fees substantially from the allowable 25%). Furthermore, $12,829.00, when added to the $6,000 requested by Shull under § 406(a), does not exceed 25% of the past-due benefits awarded to Bailey. *See Kopulos*, 318 F. Supp. 2d at 661; *Bartrom*, 2003 WL 21919181, at *2-3.

Shull argues that an award of $12,829.00 is reasonable for the 18.3 hours he spent representing Bailey in federal court. He emphasizes that (1) he achieved a good result for Bailey; (2) he provided Bailey with effective and efficient representation, which he attributes to his significant experience and knowledge in the area of social security disability law; (3) the requested fee reflects the contingent nature of the recovery; and (4) it is in alignment with the fees of other attorneys in the local market. (Mem. in Supp. Exs. C, D.)

Shull did indeed obtain a good result for Bailey and undoubtedly provided him with quality representation. *See Gisbrecht*, 535 U.S. at 808; *Brown v. Barnhart*, 270 F. Supp. 2d 769, 772 (W.D. Va. 2003) (considering in a § 406(b) analysis that counsel had handled 900 or more Social Security cases and achieved a large measure of success for his client). This Court acknowledges Shull's numerous years of experience and significant knowledge in the area of social security disability law. (*See* Mem. in Supp. Ex. C (describing in detail Shull's professional experience in the area of social security law).) Of course, this case was not particularly complex, as Shull advanced three arguments on appeal, none involving a novel or complicated issue.[5] *See Schaffner v. Comm'r of Soc. Sec.*, No. 1:07-cv-00567, 2010 WL 3894580, at *2 (S.D. Ohio Sept. 7, 2010) (considering when discounting a lawyer's § 406(b) fee request that the legal work

---

[5] On appeal, Bailey challenged the assigned residual functional capacity, the discounting of his symptom testimony, and the weight afforded to his treating psychiatrist's opinion. (Docket # 19.)

performed, while not entirely "boilerplate," was relatively straightforward and routine, requiring no extensive legal analysis); *Ellick v. Barnhart*, 445 F. Supp. 2d 1166, 1173 (C.D. Cal. 2006) (discounting requested § 406(b) fee where "the issues briefed in the summary judgment motion were neither novel nor complex").

The Court further notes that Shull requested and received two extensions (the first a 30-day and the second a 31-day) during the briefing process due to his "busy schedule." (Docket # 13-18.) Nonetheless, there is no indication that he was responsible for any unreasonable delay that would contribute to his profit from the accumulation of Bailey's back benefits, *see Gisbrecht*, 535 U.S. at 808, and at the end of the day, he produced a good result for Bailey.

Shull also emphasizes that he incurred a substantial risk of loss in taking Bailey's case. Indeed, Shull represented Bailey in a previous claim that was taken to federal court, but was ultimately unsuccessful. (Mem. in Supp. 8.) Shull then represented Bailey in this second claim that was denied at all four levels before the Social Security Administration.[6] (Mem. in Supp. 8.) Shull points to statistics indicating that social security claimants who go to court ultimately prevail only about 35% of the time.[7] *See* Social Security Advisory Board, *Aspects of Disability Decision Making: Data and Materials* 70-71 (Feb. 2012), http://www.ssab.gov/Publications/Disability/GPO_Chartbook_FINAL_06122012.pdf; *see generally Gisbrecht*, 535 U.S. at 804-07 (explaining the contingent nature of a fee under §

---

[6] Despite this risk of loss and Shull's success in the case, the Court notes that there is no evidence indicating that Bailey concurs with Shull's requested fee of $12,829.00–a factor considered by some courts in a § 406(b) request. *See, e.g.*, *Jeter v. Astrue*, No. 09-30452, 2010 WL 3783666, at *8 (5th Cir. Sept. 30, 2010) (considering as a factor when awarding § 406(b) fees whether the claimant had submitted a declaration concurring with the fee request and asking the court to approve it).

[7] The statistics indicate that federal courts remand the Commissioner's final decision 48% of the time and grant benefits outright less than 4%. Of those cases remanded, a large percentage are subsequently awarded disability benefits.

406(b)); *Hussar-Nelson v. Barnhart*, No. 99 C 0987, 2002 WL 31664488, at *3 (N.D. Ill. Nov. 22, 2002) ("[T]here is a great risk of loss in social security disability appeals at the district court level because a substantial evidence standard of review governs rather than a *de novo* standard . . . . [and] because there are no settlements."). Based on these statistics, Shull explains that he needs to recover at least 2.7 times greater fees in contingent fee cases than in non-contingent fee cases to compensate for the substantial risk of loss involved in social security appeals. *See Crawford*, 586 F.3d at 1145 (considering social security advisory board statistics in a § 406(b) fee analysis).

To that end, Shull produced the Affidavit of Steven Jackson, a local attorney who is experienced in representing social security claimants, in which Jackson states that "a fee of $300/hr. is a fair and reasonable estimate of a non-contingent hourly rate for an attorney doing similar work in the District Court."[8] (Jackson Aff. ¶ 8.) Shull then explains that the requested fee of $12,829.00 divided by the 18.3 hours he spent on the case in federal court equates to an effective rate of $701.04 per hour, an amount 2.3 times the non-contingent hourly rate of $300.[9]

While Shull's requested fee equates to a higher effective rate than those typically

---

[8] Of course, an affidavit from Shull stating his *actual* non-contingent hourly rate would be more persuasive than an affidavit describing an estimate of the prevailing market rate. *See, e.g.*, *Everroad v. Astrue*, No. 4:06-cv-100-DFH-WGH, 2009 WL 363546, at *2 (S.D. Ind. Feb. 11, 2009) (considering in a § 406(b) analysis attorney's representation that he performs little work on an hourly basis but that when he does he charges $190 per hour).

[9] While the Supreme Court in *Gisbrecht* rejected the lodestar approach (which incorporates consideration of a reasonable hourly rate for an attorney) as a starting point to determine the reasonableness of a fee request under § 406(b), *see Gisbrecht*, 535 U.S. at 802, 808, certain aspects of a lodestar approach remain in the calculus; as a result, "[d]istrict courts are left to determine how much of the lodestar approach is still viable." *Brannen v. Barnhart*, No. 1:99-cv-325, 2004 WL 1737443, at *5 (E.D. Tex. July 22, 2004); *see Jeter*, 2010 WL 3783666, at *7 ("[D]istrict courts may consider the lodestar method in determining the reasonableness of a § 406(b) fee, but the lodestar calculation alone cannot constitute *the* basis for an 'unreasonable' finding."). Here, Shull argued in his supporting memorandum that a requested effective rate of $701.04 per hour is reasonable; consequently, rather than endorsing a strict lodestar approach, the Court is merely responding to Shull's argument concerning his proposed effective rate and considering it as one factor in the analysis. *See Gisbrecht*, 535 U.S. at 807 n.17 (emphasizing that the attorney bears the burden to persuade the Court that the requested fee is reasonable).

7

awarded by this Court, *see, e.g.*, *Duke v. Astrue*, No. 1:05-cv-383, 2010 WL 3522572 (N.D. Ind. Aug. 30, 2010) (awarding a fee equating to $549.14 per hour)*; Schimpf v. Astrue*, No. 1:06-cv-18, 2008 WL 4614658 (N.D. Ind. Oct. 16, 2008) (awarding a fee equating to $583.50 per hour); *Elliott v. Astrue*, No. 1:05-cv-007, 2008 WL 4055832 (N.D. Ind. Aug. 28, 2008) (awarding a fee equating to $589.50 per hour), this Court upon occasion, and other courts too, have awarded fees in this range in social security appeals. *See, e.g.*, *Owsley v. Astrue*, No. 1:07-cv-73, 2010 WL 5173148 (N.D. Ind. Dec. 14, 2010) (awarding fee equating to $810 per hour); *Savage v. Astrue*, No. 5:06-CV-196 (CAR), 2010 WL 2012032 (M.D. Ga. May 20, 2010) (awarding fee equating to $807.98 per hour); *Schnall v. Astrue,* No. CV-07-617-PCT-DGC, 2009 WL 297707 (D. Ariz. Feb. 6, 2009) (awarding fee equating to $776 per hour); *Droke v. Barnhart*, No. 0201284-T/AN, 2005 WL 2174397 (W.D. Tenn. Sept. 6, 2005) (awarding fee equating to $832.80 per hour); *Joslyn v. Barnhart*, 389 F. Supp. 2d 454 (W.D.N.Y. 2005) (awarding fee equating to $891.51 per hour); *Brown v. Barnhart*, 270 F. Supp. 2d 769 (W.D. Va. 2003) (awarding fee equating to $977 per hour).

Ultimately, "if a claimant's success on appeal can be attributed to his attorney's endeavors before the district court, then that attorney should reap the benefit of his work–even if he managed to accomplish a great deal in a small window of time." *Jeter*, 2010 WL 3783666, at *7. Here, Shull has made a convincing case that the good result he achieved for Bailey was due to his substantial knowledge and experience in social security disability law and his effective and efficient representation, rather than due to "some other source for which it would be unreasonable to compensate the attorney." *Id*. ("[W]e do not read *Gisbrecht*'s 'windfall' as support for the proposition that experienced, competent counsel should be punished for accomplishing an arduous task in a shorter span of time than less-experienced, less-aggressive

8

counsel.").

In sum, the fee that Shull seeks under § 406(b) is not an "unearned windfall," *id*., and therefore it will be authorized by this Court. As Shull acknowledges, this fee must be reduced to offset the previous EAJA fee award of $3,330.60. (Mem. in Supp. 12); *see Gisbrecht*, 535 U.S. at 796 (reiterating that "an EAJA award offsets an award under Section 406(b)"). The Court will grant Shull's request accordingly, offsetting the $3,330.60 EAJA fees against the $12,829.00, to arrive at a net fee award of $9,498.40.

### *D. Conclusion*

For the foregoing reasons, Shull's Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Docket # 29) is GRANTED, except that his requested fee of $12,829.00 is reduced to $9,498.40 to offset his EAJA fee award.

SO ORDERED.

Enter for this 25th day of February, 2014.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge